IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01787-BNB

ROBERT E. LEWIS,

     Plaintiff,

v.

SERGENT [sic]: M. RICHARD, and
COLORADO DEPARTMENT OF CORRECTION [sic],

     Defendants.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 16 2009

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

     Plaintiff, Robert E. Lewis, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) who currently is incarcerated at the Fremont

Correctional Facility in Cañon City, Colorado. Mr. Lewis filed *pro se* a civil rights

complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3) for money

damages.

     Mr. Lewis has been granted leave to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915, and has paid an initial partial filing fee of $23.00. Subsection (e)(2)(B)

of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is

frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a

legal interest that clearly does not exist or asserts facts that do not support an arguable

claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

     Mr. Lewis is cautioned that his ability to file a civil action or appeal in federal

court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or

more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the complaint liberally because Mr. Lewis is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the complaint will be dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

Mr. Lewis alleges that on June 12, 2009, Sergeant M. Richard denied him medical care for second-degree burns he received during his shift at the Colorado State Penitentiary kitchen. On the basis of these allegations, he asserts that he was subjected to deliberate indifference to his serious medical needs under the Eighth Amendment.

The DOC will be dismissed as a party. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d

2

584, 588 (10th Cir. 1994).  The State of Colorado has not waived its Eleventh

Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir.

1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh

Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).  The

Eleventh Amendment applies even to suits against the state and its agencies that seek

declaratory and injunctive relief.  *See Higganbotham v. Okla. Transp. Com'n*, 328

F.3d 638, 644 (10th Cir. 2003).  Therefore, the DOC will be dismissed as a Defendant.

Accordingly, it is

ORDERED that the complaint is dismissed in part pursuant to 28 U.S.C.

§ 1915(e)(2)(B) as legally frivolous.  It is

FURTHER ORDERED that Defendant Colorado Department of Corrections is

dismissed as a party to this lawsuit.  It is

FURTHER ORDERED that the clerk of the Court remove the name of the

Colorado Department of Corrections as a party to this lawsuit.  It is

FURTHER ORDERED that the complaint and the action are drawn to a district

judge and to a magistrate judge.

DATED at Denver, Colorado, this *16* day of _____*Sept*_____ , 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01787-BNB

Robert E. Lewis
Prisoner No.  139940
Fremont Corr. Facility
P.O. Box 999
Cañon City, CO 81215-0999

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on ___9|16|09___

GREGORY C. LANGHAM, CLERK

By: _____
                    Deputy Clerk