IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-01787-REB-BNB

ROBERT E. LEWIS,

Plaintiff,

v.

SGT. M. RICHARD,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the defendant's **Motion for Summary Judgment** [Doc. #25, filed 05/26/2010] (the "Motion"). The plaintiff was ordered to respond to the Motion [Doc. #27], but he did not. I respectfully RECOMMEND that the Motion be GRANTED.

### I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Rule 56(c), Fed. R. Civ. P., provides that summary judgment should be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits

show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, discovery and disclosure materials on file, and any affidavits, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 447 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002). The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. Celotex, 447 U.S. at 324. Only admissible evidence may be considered when ruling on a motion for summary judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

Failure to file a response within the time specified results in a waiver of the right to respond or to controvert the facts asserted in the summary judgment motion. Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). Under these circumstances, the court accepts as true "all material facts asserted and properly supported in the summary judgment motion. But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment." Id.

## II.   BACKGROUND

The plaintiff filed his Prisoner Complaint [Doc. #3] (the "Complaint") on July 29, 2009. At all times pertinent to the allegations of the Complaint, the plaintiff was incarcerated by the Colorado Department of Corrections ("DOC") at the Fremont Correctional Facility ("FCF"). *Complaint*, p. 2.  The Complaint asserts two claims.  Claim One alleges that defendant Sgt. Richard was deliberately indifferent to the plaintiff's medical needs in violation of the Eighth Amendment.  Id. at p. 4.  Claim Two alleges that the DOC was negligent for failing to assure that its kitchens have the proper first aid equipment.  Id. at p. 5.  The DOC was dismissed from this action on September 16, 2009 [Doc. #7].  Only Claim One is pending.

## III.   UNDISPUTED MATERIAL FACTS

1. On June 12, 2009, the plaintiff was working in the kitchen at the Colorado State Penitentiary ("CSP") and burned his arms.  *Complaint*, pp. 3-4.

2. The plaintiff asked the defendant for medical attention, and his request was refused. The plaintiff requested burn cream for his arms.  The defendant stated that he did not have any burn cream.  Id., p. 3.

3. The plaintiff was permitted to promptly run cold water over the burned portions of his arms.  *Motion*, Ex. A-1, ¶ 22.

4. On June 13, 2009, the day following the burn incident, the plaintiff was evaluated at the FCF medical clinic.  Id. at ¶ 15.

5. The plaintiff suffered first degrees burns of the right and left forearm, and a small "1 x 1.5 " area of second degree burn on his right forearm.  Id. at ¶ 16.

6. The plaintiff denied pain at the time of evaluation.  Id. at ¶ 17.

7. The plaintiff otherwise had stable vital signs and did not have involvement of critical body areas. Id. at ¶ 18.

8. The plaintiff's condition did not require emergent referral because the burns sustained were relatively minor. Id. at ¶ 19.

9. The plaintiff was given Silvadene cream to treat his burns. Id. at ¶ 20.

10. Treatment with Silvadene cream would help with any minor discomfort the plaintiff may have had, but given his denial of pain at the time of his evaluation, the use of Silvadene cream was optional. Id.

11. The prompt application of cool running water is the correct and required treatment for these burns and is the only treatment that could have limited the extent of the burns. Id. at ¶ 21. Further medical care was optional given the minor nature of the burns. Id. at ¶ 22.

12. The only treatment necessary was for the plaintiff to keep the burns clean, leave the blisters intact, and watch for signs of infection. Id. at ¶ 25.

13. Second degree burns require care only if they constitute greater than 10% of the body surface area or if critical body areas are involved such as the hands, genitalia, or face. Id. at ¶ 24.

14. The plaintiff did not have second degree burns over more than 10% of his body surface area, nor did the areas burned include the hands, genitalia or face. Id.

## IV. ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the

> Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Claim One alleges that the defendant's refusal to permit the plaintiff to receive medical care violated the plaintiff's Eighth Amendment rights. *Complaint*, p. 4. A prison official's deliberate indifference to an inmate's serious medical needs violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." Id. at 104-05.

A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999) (quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)). A prison official is deliberately indifferent if he or she "knows of and disregards an excessive risk to inmate health." Farmer, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Here, it is undisputed that the plaintiff suffered only first degree burns to his right and left forearms and a small 1" x 1/5" area of second degree burn on his right forearm; he was permitted to promptly run cool water over his burns; and that application of cool water was the correct and required treatment for his burns. There is no evidence in the record to show that the plaintiff's medical need was sufficiently serious or that the defendant knew of and disregarded a substantial risk to the plaintiff's health.

Moreover, a "delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm." Oxendine v. R.G. Kaplan, M.D., 241 F.3d 1272, 1276 (10th Cir. 2001) (internal quotations and citation omitted). The plaintiff has not provided any evidence to show that a delay in treatment caused him substantial harm. To the contrary, it is undisputed that the plaintiff was examined the following day and that further treatment was not necessary given the minor nature of his burns.

## V. CONCLUSION

I respectfully RECOMMEND that the Motion be GRANTED and that summary judgment enter in favor of the defendant on the plaintiff's claim against him.[1]

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

---

[1] Because I find that the Motion should be granted for failure to state a claim upon which relief can be granted, I do not address the defendant's other arguments.

Dated December 3, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge